IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JACQUELINE V. HUPP,** *et al.,*

   **Plaintiffs,**

 vs.           Civil Action 2:07-CV-628
                Judge Sargus
                Magistrate Judge King

**SWITZERLAND OF OHIO LOCAL
SCHOOL DISTRICT,** *et al.,*

   **Defendants.**

## OPINION AND ORDER

  Plaintiffs assert claims under the IDEA, 20 U.S.C. §1400 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.,* the ADA, 42 U.S.C. §12101 *et seq.,* and the Civil Rights Act of 1871, 42 U.S.C. §1983, alleging that defendants violated the rights of plaintiffs and their minor son, who has been diagnosed with Asperger's Syndrome. Plaintiffs allege that defendants failed to provide the required FAPE and IEP for their son, caused a child abuse investigation to be commenced against one or more of the plaintiffs, subjected their son to abuse and arbitrarily or improperly failed to assign a one-on-one aide to their son. This matter is now before the Court on a number of discovery-related motions.

**PLAINTIFFS' MOTION TO COMPEL, Doc. No. 27 and DEFENDANT SCHOOL DISTRICT'S MOTION FOR A PROTECTIVE ORDER, Doc No. 31.**

  At issue in both of these motions is plaintiffs' attempt to discover information, including diagnoses, of other children receiving special education services in the defendant school district. The district asserts objections to the requested discovery based upon

relevance and privacy concerns.

The determination of qualification for special services is necessarily a highly individualized determination. *See Board of Educ. of Hendrick Hudson School Dist., Westchester County v. Rowley,* 458 U.S. 176, 181-82 (1982)(The defining hallmark of IDEA is its requirement that a public school district develop a curriculum "tailored to the unique needs of the handicapped child by means of an 'individualized education program.'") If the individual needs of plaintiffs' minor child warranted one-on-one assistance, he was entitled to such assistance regardless of the assistance provided to children.  Conversely, if the minor child in this case was not entitled to special services under the law, the fact that other children received such services cannot alter that conclusion.  Thus, the diagnoses of and services offered to other children are simply not particularly relevant to the determination of whether or not the denial of special services to plaintiffs' minor son was proper.  The attenuated relevance of plaintiffs' discovery requests, coupled with the highly sensitive nature of the information sought, persuades this Court that the discovery requested by plaintiffs is not appropriate. Accordingly, plaintiffs' motion to compel, Doc. No. 27, is **DENIED**, and the defendant school district's motion for a protective order, Doc. 31, is **GRANTED.**

**PLAINTIFFS' MOTION TO RECONSIDER, Doc No. 50.**

In the complaint, plaintiffs allege that defendants and other, as yet unidentified, individuals retaliated against plaintiff Jacqueline V. Hupp, because of her efforts to enforce her child's rights under

federal law "by causing [a] child welfare investigation to be made against his parents." *Complaint,* ¶23. The investigation was terminated with a finding that the allegations of neglect were unsubstantiated. Plaintiffs sought production of documents and information leading to the complaint of neglect and the determination that it was unsubstantiated. The Director of the Monroe County Job and Family Services Agency declined to produce the requested records pursuant to O.R.C. §5153.17. On June 3, 2008, this Court directed the Monroe County Job and Family Services Agency to submit for *in camera* inspection, manually and under seal, the records of the child abuse complaint and investigation relating to plaintiffs. Doc. No. 47. Plaintiffs now seek reconsideration or modification of that order, asking that the Court interview any individual identified as the complainant in order to determine whether there exists any direct or indirect connection to the defendant school district, or to permit plaintiffs' counsel to conduct such an inquiry. *Motion for Reconsideration,* Doc. No. 50.

The Court has not yet reviewed these highly sensitive and confidential documents. It is therefore not apparent that the Court cannot determine from the documents whether or not any person associated with the defendant school district made the complaint of neglect.

Under these circumstances, the court **DENIES** the motion to reconsider without prejudice to reconsideration at a later date.

The agency is **ORDERED** to produce the records, manually and under seal, to the chambers of the undersigned within seven (7) days.

**DEFENDANT SCHOOL DISTRICT'S MOTION TO DEFER DAMAGES-RELATED DISCOVERY, Doc. No. 52.**

The defendant school district has asked that deposition discovery of plaintiffs' treating therapist and medical provider, relevant only to the issue of damages, be stayed pending resolution of any potentially dispositive motions.  Doc. No. 52.  That motion is unopposed.

The motion to defer discovery pending resolution of any potentially dispositive motion, Doc. No. 52, is **GRANTED on the condition that any such discovery be completed prior to any final pretrial conference.**


September 2, 2008            *s/Norah McCann King*
                                          Norah McCann King
                                 United States Magistrate Judge