IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACQUELINE V. HUPP, *et al.*,

    PLAINTIFFS,

                                  CASE NO. C2-07-628
vs.                              JUDGE EDMUND A. SARGUS, JR.
                                   MAGISTRATE JUDGE NORAH MCCANN KING

SWITZERLAND OF OHIO
LOCAL SCHOOL DISTRICT,

    DEFENDANT.

## OPINION AND ORDER

Plaintiff, Timothy Hupp ("Timothy"), was born on June 10, 1997. He resides with his

parents, Plaintiffs Jacqueline and Timothy Hupp, in Woodsfield, Ohio. Timothy has been diagnosed

with attention-deficit hyperactivity disorder ("ADHD") and Asperger's Syndrome, a developmental

disorder that manifests traits similar to autism. Children with Asperger's Syndrome have

difficulties with social interaction, and have restrictive and fixative patterns of interest in particular

topics or behaviors.[1]

This matter began when Plaintiffs filed a due process complaint pursuant to the Individuals

with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, *et seq.*, against

Timothy's school, Defendant Switzerland of Ohio School District ("School District"). Following

a five day due-process hearing, an Independent Hearing Officer ("Hearing Officer") found that

the facts did not support Plaintiffs' claims that the School District failed to provide a free

---

[1]     *See infra* (May 24, 2005 Report of Robin F. Muir, Ph.D., A.R., Pls' Exhs. 1 & 2).

appropriate public education ("FAPE") to Timothy and concluded that the District did not violate the IDEIA. Plaintiffs appealed the decision to the State Level Review Officer ("Review Officer"), who upheld the decision of the IHO.

Plaintiffs now appeal the Review Officer's decision under the IDEIA and seek a judicial review of the administrative due process proceedings. Plaintiffs also assert separate claims under the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1983 ("Section 1983"). This matter is before the Court for consideration of Defendant Switzerland of Ohio Local School District's Motion for Judgment on the Administrative Record on Plaintiffs' claims under the IDEIA and Motion for Summary Judgment on Plaintiffs' statutory claims.

For the reasons that follow, this case is STAYED until a discrete issue described below is addressed by an Independent Hearing Officer and, if appropriate, by a State Level Review Officer.

**I.**

The IDEIA provides that a party aggrieved by the findings and decision of an administrative hearing officer has a right to bring a civil action in federal court. 20 U.S.C. § 1415(i)(2). Under the terms of the statute, the Court must receive the record of the administrative proceedings, hear additional evidence if the parties make such a request, and, basing its decision on the preponderance of the evidence, grant appropriate relief.[2] *Id.*

---

[2]    The parties did not request that addition evidence be adduced with respect to Plaintiffs' administrative claims under the IDEIA. The parties engaged in discovery with respect to Plaintiffs' other statutory claims.

"Under IDEA, the district court uses a 'modified *de novo*' standard for reviewing state administrative determinations. This means that the district court should perform a *de novo* review, but it should give due weight to the state administrative proceedings in reaching its decision." *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 386 (6th Cir. 1998) (internal quotation marks and citations omitted); *N.L. ex rel. Ms. C. v. Knox Cty. Sch.*, 315 F.3d 688, 692 (6th Cir. 2003). The Court must make "independent decisions" based on the preponderance of the evidence, but also should give "due weight" to the determinations made during the state administrative process. *Board of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S., 176, 206 (1982). Although reviewing courts must not "simply adopt the state administrative findings without an independent re-examination of the evidence," *Doe v. Metropolitan Nashville Pub. Schs.*, 133 F.3d at 387, neither may the district courts "substitute their own notions of sound educational policy for those of the school authorities which they review." *Doe v. Bd. of Educ. of Tullahoma City Schs.*, 9 F.3d 455, 458 (6th Cir. 1993) (quoting *Rowley*, 458 U.S. at 206). The Court should give due deference to the fact findings made during the administrative process, "particularly when educational expertise is essential to the findings." *N.L. ex rel. Ms. C. v. Knox County*, 315 F.3d at 692. "[A]dministrative findings in an IDEA case may be set aside only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both." *Burilovich v. Board of Educ. of Lincoln Consol. Schs.*, 208 F.3d 560, 567 (6th Cir. 2000).

Plaintiffs' claims under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act substantially overlap with their claims under the IDEIA, insofar as all those claims turn on whether Timothy was provided with a free appropriate public education. Logically, a

-3-

proper analysis of all claims begins with a determination under the IDEIA as to whether such education was accorded to Timothy. As described above, the IDEIA requires the commencement of administrative proceedings, a decision by a hearing officer, and a review by a state level officer. The statutory scheme assumes and requires the reviewing agency's expertise; the scheme also presumes that all determinative issues are addressed and resolved by the Hearing Officer.

This Court has concerns that one significant issue upon which the parties presented considerable testimony was not addressed or resolved by the Hearing Officer. In *Carlisle Area School v. Scott P.*, 62 F.3d 520, 526 (3d Cir. 1995), the court expressly approved the decision of the district court to remand the case to an administrative hearing officer for clarification. The Sixth Circuit approved a similar procedure in which the district court remanded the case for additional findings by the hearing officer. *Peck v. Lansing School District*, 148 F.3d 619, 623 (6th Cir. 1998).

This Court concludes that, once the parties have actually litigated a substantial, determinative issue under the IDEIA, the Hearing Officer must issue specific findings of fact and conclusions of law adequate to resolve the issue. In addition, the findings and conclusions must be sufficient for further review in the federal courts.

The issue of concern to the Court concerns the question of whether the district violated that section of the IDEIA known as "child find," which requires schools to identify and locate students with disabilities in need of special services. 20 U.S.C. § 1412(a)(3)(A); 34 C.F.R. §§ 300.11(a) and (c). As the Sixth Circuit recently noted, a violation of the IDEIA occurs if "school officials overlooked clear signs of disability and were negligent in failing to order testing, or that there was

-4-

no rational justification for deciding not to evaluate." *Board of Ed. of Fayette Cty. v. K. M.*, 478 F.3d 307, 313 (6th Cir. 2007).

Both the Plaintiffs and Defendant presented a large amount of testimony regarding both Timothy's academic performance and behavior in early 2005 and the response of his teacher and the elementary school principal. The question of whether the school district failed to timely seek evaluation and testing together with a multi-factored evaluation ("MFE") was addressed in testimony provided by both sides. Plaintiffs raised this issue on appeal to the State Reviewing Officer. (Dec. of Rev. Off., at ¶ 9, § IV, ¶ A.) Upon further review, the State Reviewing Officer noted that the matter had been "implicitly addressed" without citation to any specific portion of the Hearing Officer's written findings.

Without suggesting the appropriate resolution of this disputed issue, the Court notes that the issue raised by the Plaintiffs concerns the period from early 2005 until late August of that same year. The record which the Court has carefully reviewed demonstrates that during this period Timothy, in the middle of his second year of first grade, exhibited significant behavioral changes evidenced by his teacher, Ms. Rita Stoehr. The teacher's concerns were voiced to the grade school principal in February or March of 2005. While the record contains a significant amount of evidence regarding the period from February to late August of 2005, the parties do not dispute that an MFE did not occur until mid to late August, resulting in an individual education program ("IEP") for Timothy as of August 29, 2005. Plaintiffs contend that the school district did not conduct an MFE within a reasonable period of time given what was known to school personnel.

As to this issue, the Court cannot conduct the review required by the IDEIA from the decision's issued by the Hearing Officer or the Review Officer. As to this issue only, this case

-5-

is remanded with these instructions to the Hearing Officer for resolution of this issue. Thereafter, the subsequently issued decision shall operate as a newly issued decision subject to appeal pursuant to the applicable federal and state statutes, including subsequent review by this Court. The Court requests that this process be as expedited as possible.

Because the question of whether Timothy received a FAPE is fundamental to his Rehabilitation Act and ADA claims, the Court will not address those claims prior to the decision reached on remand. This case is administratively stayed pending the decision of the Hearing Officer on remand. No additional discovery is necessary; none will be permitted.

## II.

Based upon the foregoing, this case is **REMANDED** to the Hearing Officer with instructions. This case is **ADMINISTRATIVELY STAYED**.

The Clerk is directed to send a copy of this Order, by certified mail, to Ohio Department of Education, Office for Exceptional Children, 25 South Front Street, Mail Stop #202, Columbus, Ohio 43215-4183 re **Case No. SE-1870-2006**, *In the Matter of: Impartial Due Process Hearing Between JACQUELINE HUPP and TIMOTHY HUPP, on Behalf of TIMOTHY LEE HUPP, Petitioners, v. SWITZERLAND OF OHIO LOCAL SCHOOL DISTRICT, Respondent.*

**IT IS SO ORDERED.**

6-10-2009
_____
**DATED**

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

-6-